# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rocio Boheli Mokara, | No. CV-26-01653-PHX-KML (ASB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Warden Chuck DeRosa, et al., | |
| Respondents. | |

**TO THE HONORABLE KRISSA M. LANHAM, UNITED STATES DISTRICT JUDGE:**

Pending before the Court is pro se Rocio Boheli Mokara's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1)[1], filed on March 9, 2026. Petitioner is detained at Eloy Detention Center and seeks release from immigration custody or a bond hearing. (*Id.* at 1, 7.) For the reasons that follow, undersigned recommends the Petition be denied in part and granted in part.

## I.    PROCEDURAL HISTORY AND BACKGROUND

The facts before this Court appear largely undisputed. (*See* Docs. 1, 12.) Petitioner is a citizen of Equatorial Guinea who entered the United States without inspection on November 6, 2024, at or near Sasabe, Arizona. (Doc. 12-1 at 1.) Petitioner was considered subject to removal from the U.S. pursuant to § 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") as an "alien present in the United States without being admitted

---

[1]    Citation to the record indicates documents as they are displayed in the District of Arizona's official Court electronic document filing system under Case No. CV-26-01653-PHX-KML (ASB).

or paroled[.]" (*Id.* at 1-4.) It is unclear from the record when Petitioner entered Immigration and Customs Enforcement ("ICE") custody, but Petitioner was released from ICE custody in Louisiana on December 18, 2024, into the custody of her sponsor, Lori Portillo. (Doc. 1 at 12-15.) Ms. Portillo lives in Yucca Valley, California with her family. (*Id.*) Petitioner remained with her sponsor, Ms. Portillo, until July 9, 2025, when Petitioner was again detained by ICE. (*Id.* at 12.) Petitioner had attended her immigration hearing in March 2025, in Santa Ana, California, where she was told to return home and would be informed of her next court date because the immigration court did not yet have records for her. (*Id.*) On July 9, 2025, Petitioner and her sponsor went into the ICE Office in San Bernardino, California for a "routine reporting visit" and Petitioner was detained. (*Id.*) According to Petitioner's sponsor, "[n]o reason was given to us by the ICE Officers as to why [Petitioner] was being detained again." (*Id.*) Petitioner's sponsor attests that she is "extremely eager, willing, and able to provide the [Petitioner] with accommodation, free room and board, at [her] house[.]" (*Id.* at 13.) She argues that Petitioner "has only been a source of pure joy to all of us in the community, and is neither a flight risk, nor a danger to any person in our community." (*Id.*) Petitioner pleads in her Petition that her health has declined since being in ICE custody, as she has suffered a knee injury and deterioration of her vision in her left eye. (*Id.* at 22.) Petitioner also includes in her Petition affidavits and letters of support from other members of the Yucca Valley community, as well as medical records to substantiate her claims regarding her deteriorating physical condition. (*See id.* at 12-25.)

Based on the record before this Court, it appears Petitioner was given an "in custody redetermination proceeding" before an immigration judge ("IJ") on August 5, 2025. (Doc. 1 at 10.) The IJ denied Petitioner's motion for a custody redetermination "due to lack of jurisdiction" but included an alternative finding, where, if there were jurisdiction, Petitioner should be released on a $3,500 bond. (*Id.*) On December 5, 2025, an immigration judge ordered Petitioner removed. (Doc. 12 at 1.) Petitioner pleads that although she was ordered removed, the IJ "found [her] testimony to be credible throughout the process." (Doc. 1 at 5.) Petitioner's sponsor attests in her affidavit "I am informed and believe, and thereon state that [Petitioner] was given a credible fear interview by [Department of

Homeland Security] Officials[] before she was paroled into the U.S.[] to apply for asylum." (*Id.* at 13.) Petitioner filed an appeal with the Board of Immigration Appeals ("BIA") on December 5, 2025. (*Id.* at 5.)

Petitioner filed a Petition in this Court on March 9, 2026, in which she contests her detention pursuant to 28 U.S.C. § 2241. (Doc. 1.) Petitioner filed three claims in her Petition, which were previously summarized by the Court as follows:

> Petitioner contends her prolonged detention violates her due process rights (Ground One), is arbitrary (Ground Two), and is unreasonable and punitive due to the conditions of her confinement (Ground Three). She seeks immediate release or a bond hearing.

(Doc. 3 at 2.) This Court dismissed Ground Three of the Petition and ordered Respondents to answer Grounds One and Two. (*Id.*) In Ground One, Petitioner asserts that her prolonged detention without individualized review violates the Fifth Amendment of the Constitution. (Doc. 1 at 6.) Petitioner argues that "[a]t no point has any neutral decision-maker evaluated whether my decision is justified, leaving me detained for many months without any individualized custody review." (*Id.*) In Ground Two, Petitioner argues that her continued detention is arbitrary because the immigration judge found her suitable for release in the bond hearing but lacked jurisdiction to grant bond. (*Id.*)

Respondents Eric Rokosky; U.S. Attorney General Pamela Bondi; and U.S. ICE Acting Director Todd Lyons (collectively, "Respondents")[2] filed a Response to Court Order on April 8, 2026. (Doc. 12.) In their Response, Respondents argue that the Petition should be denied because Petitioner's detention is statutorily authorized and constitutional. (*Id.* at 2-5.) Respondents also argue that "only Warden Eric Rokosky is a proper respondent." (*Id.* at 1.)[3] Respondents assert that Petitioner's detention is lawful pursuant to

---

[2]    Petitioner initially named "Chuck DeRosa, Eloy Detention Center Warden, AFOD of ICE, ICE Director, and Attorney General" as Respondents. (*See* Doc. 1.) Pursuant to this Court's March 16, 2026 Order, Eric Rokosky replaced Respondent Chuck DeRosa, Acting ICE Director Todd Lyons replaced Respondent ICE Director, and Pamela Bondi replaced Respondent Attorney General. (*See* Doc. 5 at 4.) Respondent ICE Acting Field Office Director (AFOD of ICE) was dismissed as a Respondent. (*See id.*)

[3]    Respondents thus request that the Court dismiss all Respondents other than Warden Rokosky. (Doc. 12 at 2.) "[L]ongstanding practice confirms that in habeas challenges to present physical confinement-'core challenges'-the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote

*Zadvydas v. Davis*, 533 U.S. 678 (2001), because Petitioner's immigration appeal remains pending before the Board of Immigration Appeals ("BIA") and Petitioner is not subject to an administratively final order of removal. (*Id.* at 2.) Respondents argue that Petitioner is subject to mandatory detention as an applicant for admission. (*Id.* at 2-3.) Respondents also argue that *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025), a class action out of the Central District of California, has no preclusive effect outside of the Central District of California. (*Id.* at 4-5) (citing a Ninth Circuit temporary stay of the *Bautista* judgment).

Petitioner has not filed a Reply with the Court, and the time for such Reply has now elapsed.[4] (*See* Doc. 5.)

## II.    GOVERNING STATUTORY FRAMEWORK

"The writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). Writ of habeas corpus relief extends to a person in federal custody if the petitioner can demonstrate he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3). Accordingly, federal courts have jurisdiction to grant writs of habeas corpus to non-citizens who are being unlawfully detained under 28 U.S.C. § 2241. *See Trinidad y Garcia v. Thomas*, 683 F.3d 952, 956 (9th Cir. 2012) ("The writ of habeas corpus historically provides a remedy to non-citizens challenging executive detention.") (citing *INS v. St. Cyr*, 533 U.S. 289, 301-303 (2001));

supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The Ninth Circuit further clarified this position and "affirm[ed] the application of the immediate custodian and district of confinement rules to core habeas petitions filed pursuant to 28 U.S.C. § 2241, including those filed by immigrant detainees." *Doe v. Garland*, 109 F.4th 1188, 1199 (9th Cir. 2024). However, other courts in this Circuit have found that *Doe* "did not necessarily preclude naming more than one respondent so long as the immediate custodian is named." *See, e.g., Doe v. Chestnut,* 810 F. Supp. 3d 1169, 1169 n.1 (E.D. Cal. 2025); *Gonzalez Elias v. Warden of the Golden State Annex Det. Facility*, No. 1:26-CV-01835-JLT-EPG, 2026 WL 901288, at *1 n.1 (E.D. Cal. Apr. 2, 2026). Because Petitioner names his immediate custodian, and this Court has already dismissed improper Respondents (*see* Doc. 5), undersigned declines to dismiss the other Respondents.

[4]    Based on the Referral Order issued by this Court, Petitioner had 10 days from the date of service of Respondents' Answer to file a Reply. (Doc. 5 at 5.) Respondents filed their Answer ("Response to Court Order") on April 8, 2026, and included a Certificate of Service to Petitioner, dated April 8, 2026. (Doc. 12.) Accordingly, based on the record before this Court, this Petition became ripe for ruling 11 days later, on April 19, 2026.

*Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) ("[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of the removal order") (citation omitted). Respondents do not dispute this Court's jurisdiction over considering Petitioner's prolonged detention. (*See* Doc. 12.)

The statutory scheme at issue here involves two statutory provisions governing the detention of non-citizens: 8 U.S.C. §§ 1225 and 1226. Governing the detention of "applicants for admission" is 8 U.S.C. § 1225. The statute defines "applicants for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States" following inspection by immigration authorities. 8 U.S.C. § 1225. On the other hand, 8 U.S.C. § 1226 governs the "apprehension and detention of aliens" and provides a discretionary framework regarding the detention of a non-citizen "who is statutorily inadmissible (for example, if they appear at the border without a proper travel document), but may be entitled to admission or withholding of removal, such as a noncitizen who has no criminal history, who has not previously been removed from the United States, and who has stated a credible fear of persecution if removed to the country of their birth." *See Gomez v. Doe*, No. CV 25-03255-PHX-JJT (CDB), 2025 WL 3269886, at *5 (D. Ariz. Nov. 3, 2025), *report and recommendation adopted sub nom. Gomez v. Unknown Party*, 2025 WL 3269055 (D. Ariz. Nov. 24, 2025). According to 8 U.S.C. § 1226(a), "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General...may continue to detain the arrested alien; and...may release the alien on...bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or...conditional parole."

As this Court has previously recognized, the detention analysis changes based on whether a non-citizen is detained pursuant to § 1225 or § 1226. *See Echevarria v. Bondi*, No. CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282, at *4-9 (D. Ariz. Oct. 3, 2025), *appeal dismissed*, No. 25-7569, 2026 WL 595586 (9th Cir. Jan. 13, 2026). Courts in this Circuit and across the country have continued to grapple with whether a non-citizen is an

"arriving alien" and thus subject to mandatory detention pursuant to 8 U.S.C. § 1225 as an "applicant for admission," or if rather the non-citizen was "already present in the United States" and thus subject to the detention parameters in 8 U.S.C. § 1226. *See id.* (collecting cases and analyzing the statutory framework of 8 U.S.C. §§ 1225 and 1226). While some courts disagree, the majority of district courts have "concluded that an alien in Petitioner's situation (i.e., an alien who entered the United States without inspection, never formally applied for admission, and has been living in the United States for years or decades) is entitled to a bond hearing under § 1226(a)." *Id.* at 4 (collecting cases); *but cf. Chavez v. Noem,* --- F.Supp.3d ---, No. CV-26-00323-PHX-MTL-JFM, 2026 WL 381618, at *1 (D. Ariz. Feb. 9, 2026) (collecting cases indicating that while most district courts arrived at the conclusion that non-citizens living in the U.S. "for years or decades" were entitled to a bond hearing under 8 U.S.C. § 1226(a), many district courts did not). Accordingly, undersigned will follow the "dozens of other district courts" that "have recently held that immigration petitioners present in the United States without admission are not applicants for admission under § 1225(b)(2)(A) and, therefore, are not subject to mandatory detention." *Rodriguez v. Bondi*, No. CV-25-03917-PHX-JJT (DMF), 2025 WL 4058331, at *2 n.2 (D. Ariz. Nov. 6, 2025) (collecting cases).

## III. ANALYSIS

In the present action, Petitioner arrived in the United States on November 6, 2024, at or near Sasabe, Arizona. (Doc. 12-1 at 1.) According to the documents provided by Respondent, Petitioner was considered "an alien present in the United States without being admitted or paroled" and was classified as subject to removal pursuant to § 212(a)(6)(A)(i) of the INA. (*Id.* at 1-4.) Petitioner was then released from ICE custody on December 18, 2024, and lived in Yucca Valley, California, until she was again detained by ICE at her routine reporting visit on July 9, 2025. (Doc. 1 at 12-15.) While Respondents argue that Petitioner "is an applicant for admission" and thus subject to mandatory detention, "[i]t is unclear why Respondents persist in this belief when she was placed in removal proceedings under section 212(a)(6)(A)(i) of the [INA] as '[a]n alien present in the United States without having been admitted or paroled,' and not as 'an arriving alien' and applicant for

admission under 8 U.S.C. § 1225(b)." *See Rodriguez*, 2025 WL 4058331, at *2.

After Petitioner was detained near the border, she was released into the country "in effect paroled into the United States, on recognizance." *See Gomez*, 2025 WL 3269886, at *10. Accordingly, Petitioner would not be considered an "applicant for admission" after "a determination was made that [Petitioner] should not be in custody[.]" *See id.; see also Echevarria*, 2025 WL 2821282, at *6 ("Given that an immigrant submits an 'application for admission' at a distinct point in time, stretching the phrase 'at the time of application for admission' to refer to a period of years would push the statutory text beyond its breaking point.") (quoting *Torres v. Barr*, 976 F.3d 918, 926 (9th Cir. 2020)). Undersigned will follow the majority view by this District, as detailed in *Echevarria*, and find that Petitioner, as a non-citizen released into the United States, is appropriately considered under the 8 U.S.C. § 1226(a) framework. Thus, undersigned will recommend that this Court find Petitioner is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a).

## IV. CONCLUSION AND REMEDY

Having concluded that Petitioner is not an "arriving alien" under 8 U.S.C. § 1225 and her detention is thus governed by 8 U.S.C. § 1226(a), undersigned will recommend that this Court grant the Petition in part. Specifically, undersigned will recommend that this Court order a bond hearing before a neutral adjudicator that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011). In the alternative, should the District Judge find that the bond has already been assessed by the IJ pursuant to its alternative determination, undersigned will recommend the District Judge release Petitioner according to the previously determined bond of $3,500. (*See* Doc. 1 at 10); *see Zepeda v. Noem,* No. CV-25-04236-PHX-KML-JFM, slip op. at 3 (D. Ariz. Dec. 11, 2025) (ordering release of Petitioner upon payment of previously-ordered bond); *Aldana Sanabria v. Rosa*, No. CV-25-04439-PHX-JJT (ASB), 2025 WL 3561632, at *2 (D. Ariz. Dec. 11, 2025) (ordering Petitioner's release in compliance with the IJ's alternative bond determination).

In addition to a bond hearing, Petitioner requests immediate release from detention. (*See* Doc. 1.) Courts in this Circuit have found in situations similar to Petitioner's that a

bond hearing before an IJ is the appropriate remedy. *See Lopez v. Garland*, 631 F. Supp. 3d 870, 882-883 (E.D. Cal. 2022) ("The [c]ourt finds, consistent with other post-*Jennings*[5] cases, that the appropriate remedy is a bond hearing before an immigration judge rather than immediate release.") (collecting cases).

Accordingly, undersigned recommends the Petition (Doc. 1) be granted in part (insofar as a bond hearing is granted or the previously determined bond is followed) and denied in part (denying other requested relief).

## RECOMMENDATION

Based on the foregoing,

**IT IS THEREFORE RECOMMENDED** that the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) be **granted in part and denied in part** as follows:

1. Undersigned recommends that the Court **grant** Petitioner's request for a bond hearing and order that, within **thirty (30) days** of the date her Petition being granted, Petitioner be afforded a bond hearing before a neutral adjudicator at which hearing the government must bear the burden of showing that Petitioner should not be released on bond because she is a flight risk or a danger to the community **or** Petitioner be released upon her payment of the previously-ordered bond of $3,500;

2. It is recommended that the Court order Respondents to provide a notice of compliance to this Court within **seven days** of releasing Petitioner or providing her with a bond hearing.

3. It is recommended all other forms of relief in the Petition be **denied**.

## EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The

---

[5]   *Jennings v. Rodriguez*, 583 U.S. 281 (2018)

parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72.  Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Fed. R. Civ. P. 72.

Dated this 22nd day of April, 2026.

_____
Honorable Alison S. Bachus
United States Magistrate Judge

- 9 -